FILED
NOV 0 8 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   4:23CR624 RLW/JMB ) |
| TERRON T. BROWN, JUSTYN M. BOYD, AALIYAH A. JONES, HAIDEN M. WILLIAMS, and JALEN WRIGHT, | ) ) ) ) ) |
| Defendants. | |

## INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

At all times material to this Indictment, unless otherwise specified below:

1. Defendant TERRON T. BROWN ("BROWN") was a resident of St. Louis, Missouri, within the Eastern District of Missouri.

2. Defendant JUSTYN M. BOYD ("BOYD") was a resident of St. Louis, Missouri, within the Eastern District of Missouri.

3. Defendant AALIYAH A. JONES ("JONES") was a resident of St. Louis, Missouri, within the Eastern District of Missouri.

4. Defendant HAIDEN M. WILLIAMS ("WILLIAMS") was a resident of St. Louis, Missouri, within the Eastern District of Missouri.

5. Defendant JALEN WRIGHT ("WRIGHT") was a resident of St. Louis, Missouri,

within the Eastern District of Missouri.

6. Bank of America, BMO Harris Bank, Commerce Bank, PNC Bank, Royal Banks of Missouri, and U.S. Bank, the deposits of which are insured by the Federal Deposit Insurance Corporation, and First Community Credit Union, the accounts of which are insured by the National Credit Union Share Insurance Fund, were financial institutions within the meaning of Title 18, United States Code, Sections 20 and 1344.

## COUNT 1
### Conspiracy to Commit Bank Fraud (18 U.S.C. § 1349)

### The Conspiracy

7. Paragraphs 1 through 6 are realleged and incorporated by reference as if fully set forth herein.

8. Beginning no later than in or around November 2021, and continuing through at least in or around August 2023, in the Eastern District of Missouri, the defendants,

**TERRON T. BROWN,**
**JUSTYN M. BOYD,**
**AALIYAH A. JONES,**
**HAIDEN M. WILLIAMS,** and
**JALEN WRIGHT,**

voluntarily and intentionally conspired, combined, and agreed with each other, and with others known and unknown to the Grand Jury, to commit the following offense against the United States: to knowingly execute and attempt to execute a scheme or artifice to defraud a financial institution and to obtain moneys, funds, assets, and other property owned by and under the custody and control of a financial institution by means of false and fraudulent pretenses, representations, and promises, that is, bank fraud, in violation of Title 18, United States Code, Section 1344.

### Object of the Conspiracy

9. It was the object of the conspiracy for the defendants, and others known and

unknown to the Grand Jury, to fraudulently obtain bank funds from the deposit of forged and fraudulent checks that had been stolen from the U.S. mail.

## Manner and Means

10. It was part of the conspiracy that BROWN, BOYD, JONES, WILLIAMS, and WRIGHT recruited and caused to be recruited individuals ("Account Holders") to provide debit cards, Personal Identification Numbers ("PINs"), and other banking information for bank accounts belonging to the Account Holders at financial institutions, for the purpose of depositing forged and fraudulent checks into the Account Holders' bank accounts.

11. It was further part of the conspiracy that BOYD, JONES, and WILLIAMS provided Account Holders' debit cards, PINs, and other banking information to BROWN and WRIGHT, to be used for the deposit of forged and fraudulent checks in the Account Holders' bank accounts.

12. It was further part of the conspiracy that BROWN and WRIGHT obtained and caused to be obtained personal and business checks that had been mailed and placed in USPS collection boxes and mailboxes in or around St. Louis, Missouri, within the Eastern District of Missouri.

13. It was further part of the conspiracy that BROWN and WRIGHT altered and caused to be altered checks obtained from the U.S. mail, by changing the amount payable and by making the checks payable to Account Holders, all without the knowledge and authorization of the victims on whose bank accounts the checks were drawn.

14. It was further part of the conspiracy that BROWN and WRIGHT forged and caused to be forged the signature of the payors on the altered checks.

15. It was further part of the conspiracy that BROWN obtained and caused to be obtained counterfeit checks that were drawn on bank accounts from checks obtained from the U.S.

mail and that were made payable to Account Holders, all without the knowledge and authorization of the victims on whose bank accounts the checks were drawn.

16. It was further part of the conspiracy that BROWN, BOYD, JONES, WILLIAMS, WRIGHT, and other co-conspirators, using the debit cards and PINs belonging to Account Holders, conducted inquiries at ATMs to determine whether the Account Holders' bank accounts were active and to determine the account balances.

17. It was further part of the conspiracy that BROWN, BOYD, JONES, WILLIAMS, WRIGHT, and other co-conspirators, using the debit cards and PINs belonging to Account Holders, deposited and caused to be deposited what the defendants and other co-conspirators knew to be forged and fraudulent checks into Account Holders' bank accounts, for the purpose of fraudulently inflating the balances in those accounts.

18. It was further part of the conspiracy that BROWN, BOYD, JONES, WILLIAMS, WRIGHT, and other co-conspirators, through the deposit of the forged and fraudulent checks, caused the banks to "float" funds from the checks—that is, the banks made available a portion or the full amount of the checks before they had been cleared by the victims' financial institutions.

19. It was further part of the conspiracy that, before the banks discovered the deposited checks were fraudulent, BROWN, BOYD, JONES, WILLIAMS, WRIGHT, and other co-conspirators obtained and caused to be obtained funds from the Account Holders' bank accounts through various means, including through cash withdrawals at ATMs, electronic transfers, or purchases using the Account Holders' debit cards, or by directing the Account Holders to conduct these transactions.

20. It was further part of the conspiracy that BROWN and WRIGHT provided and caused to be provided a portion of the funds obtained from the Account Holders' bank accounts to

BOYD, JONES, WILLIAMS, and other co-conspirators in exchange for recruiting Account Holders, depositing fraudulent checks into the Account Holders' bank accounts, and withdrawing funds from the Account Holders' bank accounts.

21. It was further part of the conspiracy that BROWN, BOYD, JONES, WILLIAMS, WRIGHT, and other co-conspirators communicated with each other using various means, including using social media and messaging applications, to coordinate and facilitate the fraud scheme, to share information about recruited Account Holders, to discuss the deposit of fraudulent checks into the Account Holders' bank accounts, and to discuss the division of proceeds.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2 – 8
## Bank Fraud (18 U.S.C. § 1344 and 2)

22. Paragraphs 1 through 6 are realleged and incorporated by reference as if fully set forth herein.

### Scheme to Defraud

23. Beginning no later than in or around November 2021, and continuing through at least in or around August 2023, in the Eastern District of Missouri, the defendants,

**TERRON T. BROWN,
JUSTYN M. BOYD,
AALIYAH A. JONES,
HAIDEN M. WILLIAMS, and
JALEN WRIGHT,**

and others known and unknown to the Grand Jury, participated in a scheme and artifice to defraud financial institutions, including Bank of America, BMO Harris Bank, Commerce Bank, First Community Credit Union, PNC Bank, Royal Banks of Missouri, and U.S. Bank, and to obtain moneys, funds, assets, and other property owned by, or under the custody and control of those financial institutions, by means of materially false and fraudulent pretenses, representations, and

promises.

## Manner and Means

24.     Paragraphs 8 through 21 are realleged and incorporated by reference as if fully set forth herein as the description of the manner and means of the scheme.

## Executions of the Scheme

25.     On or about the dates set forth below, in the Eastern District of Missouri, the defendants listed below for each count, aiding and abetting each other, executed and attempted to execute the scheme and artifice described above, to defraud a financial institution, as defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, assets, and other property owned by, and under the custody and control of a financial institution, by means of material false and fraudulent pretenses, representations, and promises, in that defendants deposited and caused to be deposited a forged and fraudulent check into the bank account of an Account Holder, described below for each count, for the purpose of defrauding and obtaining money, funds, assets, and other property owned by and under the custody and control of the financial institution described below for each count, each check deposit constituting a separate count:

| Count | Defendant(s) | Approx. Date | Summary |
|---|---|---|---|
| 2 | BROWN WILLIAMS | February 22, 2022 | A forged and fraudulent check, drawn on Royal Banks of Missouri account #xxxx3240 in the name of Victims T.H. and S.M. and payable to Individual A.A. in the amount of approximately $25,060.00, deposited into Bank of America account #xxxxx4691 in the name of Individual A.A., at the Bank of America branch in St. Louis, Missouri. |
| 3 | WILLIAMS | May 9, 2022 | A forged and fraudulent check, drawn on Bank of America account #xxxxxxxx9368 in the name of Victim H.W. and G.W. and payable to Individual J.S. in the amount of approximately $2,500.00, |

6

|   |   |   | electronically deposited into PNC Bank account #xxxxxx2673 in the name of Individual J.S. |
|---|---|---|---|
| 4 | WRIGHT | February 23, 2022 | A forged and fraudulent check, drawn on BMO Harris Bank account #xxx9261 in the name of Victims S.F. and W.F. and payable to Individual N.J. in the amount of approximately $5,600.28, deposited into BMO Harris Bank account #xxxxx7511 in the name of Individual N.J., at the BMO Harris Bank Downtown branch in St. Louis, Missouri. |
| 5 | WRIGHT | March 1, 2022 | A forged and fraudulent check, drawn on First Community Credit Union account #xxxx7008 in the names of Victims M.J. and G.J. and payable to Individual N.J. in the amount of approximately $5,000.00, deposited into First Community Credit Union account #xxxxx1908 in the name of Individual N.J. at the First Community Credit Union Galleria branch in Richmond Heights, Missouri. |
| 6 | BROWN JONES | March 15, 2022 | A forged and fraudulent check, drawn on Commerce Bank account #xxxxx4756 in the name of Business Victim C.V.V.V. and payable to Individual C.G. in the amount of approximately $7,600.00, deposited into the Commerce Bank account #xxxxx4209 in the name of Individual C.G., at the Commerce Bank Met Square branch in St. Louis, Missouri. |
| 7 | JONES | May 10, 2022 | A forged and fraudulent check, drawn on Commerce Bank account #xxxxx4004 in the name of Victim M.H. and payable to Individual M.H.T. in the amount of approximately $9,059.00, deposited into the Commerce Bank account #xxxxx5915 in the name of Individual M.H.T., at the Commerce Bank Natural Bridge branch in St. Louis, Missouri. |

| 8 | BOYD | May 17, 2023 | A forged and fraudulent check, drawn on U.S. Bank account #xxxxxx1182 in the name of Business Victim L.T. and payable to Individual A.T. in the amount of approximately $9,354.16, deposited into the U.S. Bank account #xxxxxxxx6259 in the name of Individual A.T., at the U.S. Bank North Kingshighway branch in St. Louis, Missouri. |

In violation of Title 18, United States Code, Section 1344 and 2.

## COUNTS 9 – 11
### Possession of Stolen Mail Matter (18 U.S.C. § 1708)

26. Paragraphs 1 through 21 are realleged and incorporated by reference as if fully set forth herein.

27. On or about the dates set forth below, in the Eastern District of Missouri, the defendant listed below for each count, did unlawfully have in his or her possession an article of mail, namely a check, described below for each count, which article of mail had been stolen, taken, embezzled, and abstracted from an authorized depository for mail matter, knowing said article of mail to have been stolen, each stolen check constituting a separate count:

| Count | Defendant | Approx. Date | Summary |
|---|---|---|---|
| 9 | BROWN | February 22, 2022 | A stolen check, drawn on Royal Banks of Missouri account #xxxx3240 in the name of Victims T.H. and S.M. and that had been forged to be made payable to Individual A.A. in the amount of approximately $25,060.000. |
| 10 | WRIGHT | February 23, 2022 | A stolen check, drawn on BMO Harris Bank account #xxx9261 in the name of Victims S.F. and W.F. and that had been forged to be made payable to Individual N.J. in the amount of approximately $5,600.28. |
| 11 | JONES | May 10, 2022 | A stolen check, drawn on Commerce Bank account #xxxxx4004 in the name of Victim M.H. and that had been forged to be made |

|  |  |  | payable to Individual M.H.T. in the amount of approximately $9,059.00. |

In violation of Title 18, United States Code, Section 1708.

## COUNTS 12 – 14
### Aggravated Identity Theft (18 U.S.C. § 1028A)

28. Paragraphs 1 through 21 are realleged and incorporated by reference as if fully set forth herein.

29. On or about the dates set forth below, in the Eastern District of Missouri, the defendant listed below for each count, did knowingly possess and use, without lawful authority, a means of identification of another person, described below for each count, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), namely, bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the means of identification belonged to another actual person, each means of identification constituting a separate count:

| Count | Defendant | Approx. Date | Summary |
|---|---|---|---|
| 12 | BROWN | February 22, 2022 | The routing and account number for Royal Banks of Missouri account #xxxx3240 in the name of Victims T.H. and S.M., located on a stolen and forged check that BROWN deposited and caused to be deposited into the Bank of America account of Individual A.A. |
| 13 | WRIGHT | February 23, 2022 | The routing and account number for BMO Harris Bank account #xxx9261 in the name of Victims S.F. and W.F., located on a stolen and forged check that WRIGHT deposited and caused to be deposited into the BMO Harris Bank account of Individual N.J. |
| 14 | JONES | May 10, 2022 | The routing and account number for Commerce Bank account #xxxxx4004 in the name of Victim M.H., located on a stolen and forged check that JONES deposited and caused |

|  |  |  | to be deposited into the Commerce Bank account of Individual M.H.T. |
|--|--|--|--|

In violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 982(a)(2), upon conviction of an offense in violation of Title 18, United States Code, Section 1344, or conspiracy to commit such offense, as set forth in Counts 1–8, the Defendant(s) shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s). Subject to forfeiture is a sum of money equal to the total value of property obtained directly or indirectly as a result of such violation.

2. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1708, as set forth in Counts 9–11, the Defendant(s) shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation. Subject to forfeiture is a sum of money equal to the total value of property, real or personal, constituting or derived from any proceeds traceable to such violation.

3. If any of the property described above, as a result of any act or omission of the Defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without

difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                                                  A TRUE BILL.

                                                  _____

                                                  FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
JONATHAN A. CLOW #68003MO
Assistant United States Attorney

11